IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMON DEMETRIUS JACKSON, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| DON BLAKELY, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:17-cv-4911-TWT-JFK |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, Jamon Demetrius Jackson, challenges via 28 U.S.C. § 2254 his March 2008 Fulton County convictions, criminal case number 05SC36485. (Pet., ECF No. 1). For the purpose of dismissal, Petitioner is **GRANTED** *in forma pauperis* status. The matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

**I.    Discussion**

In Jackson v. McLaughlin, No. 1:16-cv-2692-TWT (N.D. Ga. Jan. 24, 2017) (hereinafter "Jackson"), Petitioner submitted a federal habeas corpus petition

challenging the same 2008 Fulton County convictions, criminal case number 05SC36485, that he challenges in the instant petition. Recast Complaint, Jackson. The Court dismissed the petition in Jackson as untimely. Order of Jan. 24, 2017, Jackson.

Once this Court has dismissed as untimely a federal habeas corpus challenge to custody pursuant to a state court conviction, it lacks jurisdiction to entertain a subsequent challenge to the same custody and conviction without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) ("The Antiterrorism and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court. Patterson wasted that opportunity ten years ago when he filed his first petition late."); Morris v. Fla. Dep't of Corr., 519 F. App'x 990, 990 n.3 (11th Cir. 2013) ("For a second § 2254 petition to be considered successive, the first § 2254 petition must have been denied or dismissed with prejudice. . . . A denial of a § 2254 petition as untimely is considered to be with prejudice." (citation omitted)). Petitioner has filed a successive challenge to his 2008 Fulton County convictions without first obtaining authorization from the Eleventh Circuit Court of Appeals, and the law does not allow this Court to exercise jurisdiction over such challenge.

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, Lambrix v. Jones, No. 17-6290, 2017 WL 4456332 (U.S. Oct. 5, 2017).

The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner lacks authorization to file a successive petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from

3

the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that this petition for a writ of habeas corpus [1] be **DISMISSED** for lack of jurisdiction and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 11th day of December, 2017.

*/s/ Janet F. King*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE